Filed 5/27/26  P. v. Wilson CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>HELEN MARIE WILSON,<br>      Defendant and Appellant. | C103251<br><br>(Super. Ct. No. 23F214) |

Appointed counsel for defendant Helen Marie Wilson filed an opening brief that sets forth the facts of this case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (See *People v. Wende* (1979) 25 Cal.3d 436.)  Defendant has not filed a supplemental brief.  Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm.

Undesignated statutory references are to the Penal Code.

## BACKGROUND

The People charged defendant with arson of an inhabited structure (§ 451, subd. (b)), arson of property of another (§ 451, subd. (d)), recklessly causing fire to inhabited structure (§ 452, subd. (b)), and recklessly causing fire to property of another (§ 452, subd. (d)).  The People alleged a prior strike conviction.

Defense counsel declared a doubt as to defendant's competency to stand trial pursuant to section 1368.  The trial court suspended proceedings and ordered a

1

psychiatric evaluation of defendant. The court ultimately found defendant incompetent to proceed and in March 2023 committed defendant to a state hospital for competency restoration. In March 2024, the court found defendant restored to competency and reinstated criminal proceedings.

In January 2025, the trial court denied defendant's petition for mental health diversion pursuant to section 1001.36. The court explained that defendant lacked insight into her mental health condition that made it difficult for her to adhere to her treatment plan. The court further explained that the charged offense could have led to the death of a human being had defendant been more successful at completing the fire, and thus defendant presented a danger to the community if granted diversion.

Defendant ultimately pled no contest to arson of an inhabited structure and admitted the prior strike conviction. The trial court sentenced defendant to 10 years imprisonment (the middle term, doubled due to the prior strike).

Defendant timely appealed without requesting a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (See *People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
HULL, ACTING P. J.

/s/
KRAUSE, J.